The Honorable James C. Scott State Senator Route 1, Box 82-A Warren, AR 71671-9705
Dear Senator Scott:
This is in response to your request for an opinion on the following two questions:
 (1) Does a prisoner, arrested by city police, remain a city prisoner until a felony information is filed by the prosecuting attorney in the county circuit court?
 (2) At what point does the housing and medical expense of a county prisoner become the responsibility of the Department of Correction?
In my opinion, the answer to your first question is generally "yes." In several previous opinions, this office has opined that an individual would be considered a city prisoner if he or she is arrested by city police for violation of a municipal ordinance or Arkansas statutory law. See, e.g., Atty. Gen. Op. No. 91-040. It is also well-established that once an offender is sentenced to county jail, he or she becomes a county prisoner and the city has no continuing financial responsibility for his or her incarceration. See A.C.A. § 12-41-505 (1987); Atty. Gen. Op. No.91-040. In an opinion issued in 1982, my predecessor defined a county prisoner to include:
 those persons who have been convicted of a misdemeanor and sentenced to a term of imprisonment in the county jail . . . and those persons who have been incarcerated while awaiting trial on felony charges which have been "filed direct" or have been "certified over" to circuit court after a preliminary hearing.
See Atty. Gen. Op. No. 82-104, a copy of which is enclosed.
I am in general agreement with this definition of a county prisoner. Thus, although a prisoner may initially be considered a city prisoner, it appears that once felony charges are filed against that person, he or she becomes a county prisoner and the county should assume responsibility for the cost of their imprisonment.
This conclusion is consistent with A.C.A. § 12-41-505(b)(1), which provides that imprisonment expenses that accrue prior to conviction shall be paid in the same manner as the costs of prosecution. Because counties bear the cost of felony prosecutions when the defendant's property is insufficient to cover the cost, see A.C.A. § 16-92-101, -105 (1987), (with the potential for partial reimbursement by the state as provided in A.C.A. § 16-92-109 (1987)), this provision would effectually impose upon the county responsibility for the costs of imprisoning someone awaiting trial on felony charges when that person is unable to pay. Accord A.C.A. § 12-41-505(a) (1987). In summary, it is my opinion that the county becomes responsible for the cost of imprisoning an individual after the filing of a felony information against him.
In response to your second question, it is my opinion that the housing and medical expense of a county prisoner would generally become the responsibility of the Department of Correction upon the prisoner's commitment to the custody of the Department of Correction or one of its institutions. See generally A.C.A. §12-27-113 (Cum. Supp. 1991). Indeed, when a prisoner's delivery to the Department of Correction is delayed due to insufficient bed space, the county may be reimbursed for the cost of housing the prisoner. See A.C.A. § 12-27-114 (Cum. Supp. 1991). It should be noted, however, that certain housing and medical expenses may cease to be the responsibility of the Department of Correction upon the placement of a prisoner in certain work-release programs following his commitment to the Department. See, e.g., Atty. Gen. Op. No. 91-299.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
Winston Bryant Attorney General
CT/WB:ch
Enclosure